UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| OFFSHORE MARINE CONTRACTORS, INC. | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO: 09-6736 |
| BRADLEY J. MILLER, ET AL | * | SECTION: "D"(4) |

### ORDER AND REASONS

Before the court is the **"Motion to Remand" (Doc. No. 9)** filed by Plaintiff, Offshore Marine Contractors, Inc. Defendant, Upstream Communications Group, Inc, filed a memorandum in opposition. The motion was set for hearing on the briefs Wednesday, January 13, 2010, following an evidentiary hearing on Wednesday, January 6, 2010. For purposes of the evidentiary hearing, the parties agreed to submit the depositions of Sylvia Simpson and Bradley J. Miller. (*See* Docs. Nos. 19 &20, Depositions of Simpson & Miller, respectively, taken on December 21, 2009). Now, having considered these depositions, the memoranda of counsel, the record, and the applicable law, the court rules.

The issue before the court is whether or not the court has diversity jurisdiction based on Defendant Bradley Miller's

citizenship. Plaintiff contends that at the time suit was filed in state court, Defendant Bradley was a citizen of Louisiana, and thus the court lacks jurisdiction because Plaintiff Offshore is a Louisiana citizen. On the other hand, the removing Defendants, Upstream (a citizen of Nevada) and Benjamin B. Bennett (a citizen of Texas) contend that the court has diversity jurisdiction because Defendant Bradley was a citizen of Florida when suit was filed.

Plaintiff filed this suit in state court on August 24, 2009. All parties admit that on or before August 5, 2009, Defendant Miller was a citizen of Louisiana, and as of on and or about September 1-3, 2009, Miller lives and operates a business in Florida. Thus, the dispute before the court surrounds the citizenship of Miller between August 5, 2009 and September 1-3, 2009.

## I.  Underlying Facts

Defendant Miller was employed by Offshore Marine until on or about August 5, 2009. (Deposition of Bradley Miller at 7). Defendant Miller owns a home in Cut Off, Louisiana, where he lived with his wife (Sylvia) and son (Kadin) before moving to Florida. Defendant Miller still claims a homestead exemption on his home in Cut Off, Louisiana. (*Id*. at 37-38). As of the date of his deposition on December 21, 2009, Defendant Miller still has Louisiana voter identification card and a Louisiana driver's

2

license, and his vehicle and Harley motorcycle still have Louisiana tags.

On or about August 20, 2009, Defendant Miller and his wife were in Florida looking for a business to buy and a place to live. On August 22, 2009, Defendant Miller signed an agreement to purchase a business in Florida, but he did not actually buy the business until September 3, 2009. (*Id.* at 15, 27, 28). Defendant Miller and his wife also signed a one-year lease for a home to live in Florida, but this lease did not commence until September 1, 2009. (*Id.* at 31, l. 5-12). While looking for a business to buy and a home to live in Florida, Miller and his wife stayed with his parents in Alabama. (*Id.* at 27, l. 8-11).

On or about August 23, 25 or 25, 2009, Defendant Miller and his wife returned to Cut Off, Louisiana. (*Id.* at 28-29, 30). Between August 24 and 26, 2009, Miller leased his home in Cut-Off, Louisiana, and his tenants took occupancy of it on or about September 1, 2009. (*Id.* at 29-30). On or about Friday, August 28, 2009 or Monday, August 31, 2009, Miller and his wife pulled their son, Kadin, out of the Lafourche Parish school he was attending. (*Id.* at 30, 41-42). On August 31, 2009, Defendant Miller left Louisiana driving a rental truck with his furniture and belongings and moved into the rental house in Florida on September 1, 2009. (*Id.* at 31-32, 34). Utilities for the house in Florida had been

put in his name on or about August 27-29, 2009. (*Id.* at 34, 39). Miller opened a bank account in Florida after September 1, 2009. (*Id.* at 39). Miller and his wife presently reside and work in Florida, and their son (Kadin) is enrolled in school there.

## II. Legal Analysis

The federal court is a court of limited jurisdiction and the statutes granting the court jurisdiction are to be strictly construed. *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 675, 86 L.Ed.2d 951 (1942).

For diversity purposes, an individual's citizenship is synonymous with his domicile. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003). This presumption addresses the problem of locating an individual who has clearly abandoned his present domicile but either has not arrived at a new one or has arrived without formulating the intent to stay. 15 *Moore's Federal Practice* §102.34[7] (3d. Ed. 2009).

When domicile is challenged as here, the burden rests on the party claiming domicile has changed. *Acridge*, 334 F.3d at 444; *Welsh v. American Surety Co.*, 186 F.2d 16, 17 (5th Cir. 1951). "A change in domicile typically requires only the concurrence of: (1)

4

physical presence at the new location and (2) an intention to remain there indefinitely ... or, as some courts articulate it, the absence of any intention to go elsewhere." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996)(citations omitted). "Thus, a person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent." *Id*.

Under the facts of this case, the court concludes that Defendant Miller had the intention to establish his domicile in Florida on **August 24, 2009 (the date suit was filed)**, but he has failed to show that he had actual residence or the requisite physical presence in Florida on **August 24, 2009 (the date suit was filed)**.[1] Thus, while a close case, he has failed to rebut the presumption of continuing domicile in Louisiana on August 24, 2009.

Accordingly;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand" (Doc. No. 9)** be and is hereby **GRANTED** for lack of diversity jurisdiction on the date suit was filed.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs be and is hereby **DENIED**.

---

[1] "In most cases, the difficult issue is not presence but whether the intent to change domicile can be shown." *Coury*, 85 F.3d at 250. Here, however, the close question is whether Defendant Miller had the requisite physical presence in Florida on August 24, 2009.

5

New Orleans, Louisiana, this **15th** day of **January**, **2010**.

                                      _____
                                            A.J. McNAMARA
                                  UNITED STATES DISTRICT JUDGE